FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 AUG 31  A 11: 21

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **CHONG SU YI,** | * |
| **Plaintiff,** | * |
| v. | *   Case No.: GJH-16-1712 |
| **DEPARTMENT OF MOTOR VEHICLE OF MARYLAND, et al.,** | * |
| **Defendants** | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Self-represented Plaintiff Chong Su Yi filed the above-captioned Complaint on May 27, 2016, together with a Motion to Proceed *In Forma Pauperis*, against Defendants, Department of Motor Vehicle of Maryland and the Secretary of the State of Illinois. ECF Nos. 1 and 2. Because Yi appears indigent, the Motion to Proceed *In Forma Pauperis* shall be granted.

Although the Complaint is difficult to understand, Plaintiff appears to allege that the State of Illinois "would not reinstate [his] driver['s] license" because of moving violations that he obtained. ECF No. 1 ¶ 4. In addition, he appears to claim that the State of Illinois' actions were unlawful since he was a temporary resident of Illinois but permanently resided in Maryland. *Id.* ¶ 6. He concludes by alleging that citations for moving violations are violations of both the First Amendment and of State's rights. *Id.* ¶ 7. As relief Plaintiff sates he "want[s] the court to order: enforceable white post speed sign and its speed violation citation ipso facto in the prior ordo cogniscendi unconstitutional." *Id.* ¶ 8.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted.

An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level' and that 'state a claim to relief that is plausible on its face.'" *Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf, or that any such cause of action would fall within this Court's jurisdiction. Although Plaintiff appears to seek federal question jurisdiction, there are no facts alleged in the Complaint supporting any such causes of action. Accordingly, Plaintiff's Complaint will be dismissed. A separate Order follows.

August 31, 2016  
Date

George J. Hazel  
United States District Judge